**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RANDSTAD TECHNOLOGIES, LLC, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO: ______________________ |
| v. | ) | |
| LISETTE ROBLES, | ) | (Removed from the Superior Court of Cobb County) |
| Defendant. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

TO: The Judges of the United States District Court, Northern District of Georgia, Atlanta Division.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Lisette Robles, by and through her undersigned counsel, hereby file this Notice of Removal, removing this action from the Superior Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is premised on the following grounds:

## STATEMENT OF FACTS

1.

On September 30, 2020, Plaintiff Randstad Technologies, LLC ("Randstad") filed a Complaint for Injunctive Relief (the "Complaint") against Lisette Robles in the Superior Court of Cobb County, Georgia, Civil Action File No. 20106125.

2.

On October 1, 2020, Ms. Robles was provided via e-mail with a copy of the Summons and Complaint as well as a Motion for Temporary Restraining Order and Emergency Motion for Expedite Discovery and Order to Preserve Evidence.

3.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and Motions are attached as Exhibit A.

4.

The Complaint asserts a claim for breach of contract arising from Randstad's allegations that Ms. Robles breached certain restrictive covenants contained in an Employee Non-Competition and Confidentiality Agreement (the "Agreement") with Randstad.

5.

As shown below, this court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (i) Ms. Robles' Notice of Removal is timely; (ii) complete diversity of citizenship exists between Randstad, on one hand, and Ms. Robles, on the other hand; and (iii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, under 28 U.S.C. § 1441(a), Ms. Robles may remove the action to this Court.

**Removal is Timely and Venue is Proper**

6.

Ms. Robles received a copy of the Complaint on October 2, 2020.

7.

Ms. Robles has filed this Notice within thirty (30) days after her receipt of the "initial pleadings setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b)(1). *See also* FED. R. CIV. P. 6.

8.

Consequently, this Notice is timely under 28 U.S.C. § 1446(b)(1).

9.

Because the Complaint is currently pending before the Superior Court of Cobb County, Georgia, this district is the proper venue for the action upon removal under 28 U.S.C. section 1441(a).

**Complete Diversity of Citizenship Exists**

10.

There exists complete diversity of citizenship between Randstad and Ms. Robles, both at the time of the filing of the Complaint and as of the date hereof.

11.

"For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (internal quotation marks and citations omitted). Likewise, "[a] corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." *Id.* at 1224; 28 U.S.C. § 1332(c)(1).

12.

Ms. Robles is an individual who is a resident of Arizona.

13.

Randstad Technologies is a Delaware limited liability company. Upon information and belief, Randstad Technologies has two members. The first member is Sapphire General Partner, LLC ("SGP"), which is a limited liability company whose sole member is RNA, a limited partnership. Upon information and belief, RNA's general partner is a Delaware corporation with a principal place of business in Georgia and whose limited partner is a S.a.r.l. organized under the laws of Luxembourg (the equivalent of a limited liability company). Its second member is Randstad Professionals, which is a limited partnership that is comprised of Randstad Professionals General Partner LLC ("RGP") (general partner) and RNA (limited partner). RGP is a limited liability company whose sole member is a Delaware corporation with a principal place of business in Georgia. RNA is a limited partnership whose general partner is a Delaware corporation with a principal place of business in Georgia. RNA's limited partner is a S.a.r.l., organized under the laws of Luxembourg. Upon information and belief, no member of Randstad Technologies is a citizen of Arizona, the relevant states of citizenship and domicile of the Defendants

14.

Consequently, complete diversity of citizenship exists between Randstad and Ms. Robles for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

**The Amount in Controversy Exceeds $75,000.00**

15.

Generally, the amount in controversy identified in a plaintiff's complaint controls the determination of whether the matter in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1446(c)(2). However, "the notice of removal may assert the amount in controversy if the initial pleading seeks— (i) nonmonetary relief . . ." 28 U.S.C. § 1446(c)(2)(A). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977); *see also Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993). A removing defendant need only prove that the "'amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement.'" *Pretka v. Koler City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d

1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000)) (emphasis added).

16.

Here, the monetary value of the injunctive relief sought exceeds $75,000.00. Among other things, Randstad seeks an injunction prohibiting Ms. Robles from, among other things, working for her new employer, Beacon Hill Staffing Group, LLC ("Beacon Hill") or any other staffing company. Randstad also seeks an injunction prohibiting her from soliciting any customer with whom she had material contact while employed by Randstad. When Ms. Robles worked at Randstad, her primary client (referred to as "Client A" in the Complaint) had generated business for Randstad of approximately [redacted] in 2020 and will likely generate as much as [redacted] in total in 2020. [Declaration of Lisette Robles, attached hereto as Exhibit B, ¶ 2]. Ms. Robles also had about another [redacted] in business with other clients. [*Id.*]. Thus, if Randstad's revenue from Ms. Robles' clients during the remaining two years of the restrictive covenants in the Agreement is similar to the revenue generated by those clients in 2020, Randstad's gross revenue during the term of the covenants will be over [redacted]. In addition, Ms. Robles earned approximately $150,000 at Randstad in 2020. Ms. Robles anticipates earning

approximately $100,000-125,000 in her first year at Beacon Hill. [*Id.*, at ¶ 3]. Accordingly, the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

17.

Additionally, "[i]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (explaining that courts may use "their judicial experience and common sense [and] make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable."). Here, Randstad alleges that it "invests heavily in developing and maintaining Customer relationships and in attracting and retaining top employees . . .", that it "has developed and maintained, at great expense, valuable and long-standing working relationships and substantial goodwill with its Customers", that it has developed confidential information "at significant expense and effort," and that if its confidential information was used by a competitor, its "competitive position would be seriously

harmed and both Robles and the competitor would have an unfair competitive advantage." [Exh. A, Complaint, ¶¶ 12, 14, 20, 22].

18.

Consequently, the amount in controversy in this matter exceeds $75,000.00 for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

WHEREFORE, Ms. Robles hereby files this Notice of Removal and removes this action from the Superior Court of Cobb County, Georgia, to this Court. By the notification attached hereto as Exhibit C, Ms. Robles shall notify Plaintiff, through her counsel, and the Clerk of the Superior Court of Cobb County of her filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted, this the 5th day of October, 2020.

BERMAN FINK VAN HORN P.C.

*/s/ Benjamin I. Fink*

Benjamin I. Fink
Georgia Bar No. 261090
Lea C. Dearing
Georgia Bar No. 922882
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711

bfink@bfvlaw.com
ldearing@bfvlaw.com

*Counsel for Defendant Lisette Robles*
1263141

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1D AND 5.1B**

Pursuant to Local Rules 7.1D and 5.1B, the undersigned counsel hereby certifies that the foregoing document complies with the Local Rules' requirements as to font in that it has been prepared in Times New Roman, 14 point.

This 5th day of October, 2020.

BERMAN FINK VAN HORN P.C.

By: */s/ Benjamin I. Fink*
Benjamin I. Fink
Georgia Bar No. 261090

*Counsel for Defendant Lisette Robles*

3475 Piedmont Road, NE
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

## CERTIFICATE OF SERVICE

I certify that, on October 5, 2020, I electronically filed the foregoing **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Robert C. Stevens, Esq.
Alex Meier, Esq.
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
bstevens@seyfarth.com
ameier@seyfarth.com
***Counsel for Plaintiff***

BERMAN FINK VAN HORN P.C.

*/s/ Benjamin I. Fink*
Benjamin I. Fink
Georgia Bar No. 261090

*Counsel for Defendant Lisette Robles*

3475 Piedmont Road, N.E., Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Fax)