# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDSTAD TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LISETTE ROBLES,<br><br>Defendant. | CIVIL ACTION FILE NO: 1:20-cv-04105<br><br>(Removed from the Superior Court of Cobb County) |

## DECLARATION OF LOUIS WIEDMAN

I, Louis Wiedman, upon my own personal knowledge, under oath, hereby depose and state as follows:

1. I voluntarily and freely make this Declaration on my own personal knowledge for use as evidence in the above-styled matter, and for any and all other uses and purposes authorized by law. I am over eighteen years of age, am suffering from no legal disability, and am competent and authorized to make this Declaration and to testify to the statements herein.

2. From August 27, 2018 to April 1, 2020 I was employed by Randstad Technologies ("Randstad") as an Account Manager in Randstad's St. Louis, Missouri office.

3. Upon my termination, Randstad assigned me to a Randstad Human Resources Business Partner, Patrick Fabry, to handle any and all questions relating to my employment and separation from Randstad, including, my obligations under the Employee Non-Competition and Confidentiality Agreement (the "Agreement") I had with Randstad. I had several conversation with Mr. Fabry by telephone in April, 2020.

4. During one of my conversations with Mr. Fabry, I asked him about the Agreement and its non-competition restrictions. Mr. Fabry explained that I had the right to pursue employment with competitors. He stated that, even in circumstances other than COVID-19, it is common for individuals who leave Randstad to pursue job opportunities with a competitor of Randstad, and Randstad would not jeopardize my future employment opportunities by, as he stated, "forcing me to become a school teacher during my non-compete".

5. Mr. Fabry also explained that the only "rules" I was required to follow in my post-Randstad employment and during my non-compete period were to avoid doing any of the following: (a) soliciting any clients with which I had done business at Randstad; (b) soliciting any contractors or full-time employees I had,

during my tenure at Randstad, placed at a client; and (c) disclosing any of Randstad's proprietary information.

6. My understanding from my conversation with Mr. Fabry was that it was not uncommon for Randstad employees to work for a competitor after leaving Randstad, and that, generally, Randstad will not enforce the non-competition or non-solicitation provisions of its agreements as long as the former employee does not disclose Randstad's proprietary information, and does not solicit the same clients, or contractor or full-time placements, with which the employee personally did business while at Randstad.

7. On or about August 6, 2020, Randstad's counsel sent me a letter concerning my Agreement with Randstad and its non-competition, non-solicitation, and non-disclosure provisions. Through my counsel, I responded by correspondence dated August 19, 2020. The August 19, 2020 correspondence detailed the conversation I had with Mr. Fabry.

8. Subsequent to the August 19, 2020 correspondence, in which my counsel assured Randstad that I was, essentially, complying with the "rules" I had discussed with Mr. Fabry, I received no further correspondence from Randstad and Randstad made no further efforts to enforce the Agreement.

9. Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6 day of October, 2020.

Louis Wiedman