IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RANDSTAD TECHNOLOGIES, LLC,

Plaintiff,

v.

LISETTE ROBLES,

Defendant.

CIVIL ACTION FILE NO.

1:20-cv-4105-SCJ

## ORDER

This matter is before the Court on Plaintiff's Emergency Motion to Remand to State Court and for Attorneys' Fees (Doc. No. [4]). On October 5, 2020, Defendant removed this action to federal court based on diversity jurisdiction. Doc. No. [1]. On October 14, 2020, this Court remanded this action to the Superior Court of Cobb County for lack of subject matter jurisdiction. Doc. No. [16]. However, it deferred ruling on the issue of attorneys' fees, pending further briefing from the Parties. Those briefs were filed on October 19, 2020. Doc. Nos. [19]; [20]. The matter is now ripe for the Court's review.

## I. BACKGROUND

Plaintiff Randstad Technologies, LLC is the former employer of Defendant Lisette Robles. Plaintiff filed this action for declaratory and injunctive relief in the Superior Court of Cobb County on September 30, 2020. See Doc. No. [1-1]. Plaintiff seeks to enforce an Employee Non-Competition and Confidentiality Agreement between it and Defendant. Id. ¶ 1. Defendant filed a notice of removal with this Court on October 5, 2020, (Doc. No. [1]), and an amended notice of removal on October 8, 2020 (Doc. No. [8]). Plaintiff moved this Court to remand this case to the Superior Court of Cobb County because Defendant "has not and cannot establish that the amount in controversy is in excess of $75,000." Doc. No. [4], p. 1.

After receiving briefs on the matter and holding oral argument, the Court ultimately agreed with Plaintiff. Doc. No. [16]. The Court found that Defendant's estimation of the value of the declaratory and injunctive relief to Plaintiff was too speculative and too temporarily remote from the time of removal to meet the amount-in-controversy requirement. Id. at 8. Because it lacked subject-matter jurisdiction, the Court ordered that this action be remanded to the Superior Court of Cobb County, Georgia. Id. at 10.

Plaintiff now argues that, because "Defendant elected to remove this case without an objectively reasonable basis to do so and caused Plaintiff and this Court to waste time and money," it is entitled to $15,659 in fees incurred in connection with obtaining a remand. Doc. No. [19], p. 2. Indeed, it argues, "Defendant's removal was nothing more than a strategic legal decision to avoid litigating this matter in the proper forum." Id. at 1. "Simply put," it argues, "Defendant had no objectively reasonable basis to remove this case." Id. at 7.

Defendant argues that she "reasonably relied on Fifth Circuit precedent holding that the potential competitive losses Plaintiff sought to avoid through an injunction could be considered to establish the amount in controversy," as well as "caselaw in this Circuit and other Circuits in which the value of the injunctive relief was measured by considering revenues and profits earned by the employer on business generated by the employee prior to the end of employment . . . ." Doc. No. [20], p. 1. She argues that "[c]ourts in this district have repeatedly declined to award fees and costs upon remand where 'other federal district courts have accepted defendant's argument, [and] the argument [raised for removal] has never been raised in this district.'" (citing Hawkins v. Cottrell, Inc., 785 F.

Supp. 2d 1361, 1379–80 (N.D. Ga. 2011) and collecting cases). Id. at 2–3. Thus, she argues, attorneys' fees are not warranted in this case.

## II. LEGAL STANDARD

28 U.S.C. § 1447 provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that the statute permits, but does not require, the district court to order attorneys' fees on remand. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (noting that § 1447(c) "provides that a remand order 'may' require payment of attorney's fees—not 'shall' or 'should'").

Thus, "[a]n award of attorneys' fees is solely in the discretion of the court." Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. In making this determination, the court must balance between deterring "removals sought for the purpose of

prolonging litigation and imposing costs on the opposing party" and safeguarding a defendant's statutory right "to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

## III. ANALYSIS

The Court holds that attorneys' fees are not appropriate in this case, as the amount in controversy presented a justiciable issue. While a removal must be grounded in some objectively reasonable basis when it occurs, the Eleventh Circuit has acknowledged that "defendants deserve some leniency for good faith removals predicated on legal or factual errors because they are required to make the decision to remove soon after receiving the complaint . . . ." Gonzalez v. J.C. Penney Corp., 209 F. App'x 867, 870 (11th Cir. 2006) (citing Bauknight v. Monroe County, 446 F.3d 1327, 1331 (11th Cir. 2006)).

Here, the value of the injunction to the Plaintiff presented a justiciable issue. See Doc. No. [16], pp. 5–10. The Court finds the reasoning in Saville v. Lonesource, Inc., No. 1:11-CV-4398-TCB, 2012 WL 13015092, at *4 (N.D. Ga. Feb. 9, 2012) and Wilson v. Benyon Sports Surfaces, Inc., No. 1:11-cv-2002-RWS, 2011 WL 6014666, at *4 (N.D. Ga. Dec. 1, 2011) persuasive:

> In this case, the Court concludes that an award of reasonable attorneys' fees and costs is inappropriate.

> The Eleventh Circuit has never expressly stated what economic values this court is to consider when determining the "benefit that would flow to the plaintiff" from a restrictive-covenant invalidation, and this District has never published an opinion on the matter. Further, it appears that the Defendant made a good-faith attempt to remove the case and filed evidence to that end.

Saville, No. 1:11-CV-4398-TCB, 2012 WL 13015092, at *4 (quoting Wilson, 2011 WL 6014666, at *4). Accordingly, the Court will deny the portion of Plaintiff's motion seeking attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the portion of Plaintiffs' Motion (Doc. No. [4]). seeking attorneys' fees is **DENIED**.

**IT IS SO ORDERED** this 22nd day of October, 2020.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**